```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


ANTONIO LARON BRIDGES                                 PETITIONER

V.                         CIVIL ACTION NO. 5:21-CV-96-DCB-LGI

BURL CAIN                                             RESPONDENT
```

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on Magistrate Judge LaKeysha Isaac's Report and Recommendation ("Report") [ECF No. 13], concerning Antonio Laron Bridges's ("Petitioner") Petition for Writ of Habeas Corpus [ECF No. 1] pursuant to 28 U.S.C. § 2254 and Burl Cain ("Respondent")'s Motion to Dismiss [ECF No. 9] pursuant to 28 U.S.C. § 2244(d). The Report was entered on October 25, 2024, and objections to the Report were due by November 8, 2024. Petitioner filed Objections [ECF No. 14] to the Report [ECF No. 13] and Respondent has filed his Response [ECF No. 16] to the Objections.

Upon examination of the Petitioner's Objections [ECF No. 14] to Judge Isaac's Report and Recommendation [ECF No. 13], in conjunction with a comprehensive review of the record and relevant legal authorities, the Court finds that Petitioner's Objections [ECF No. 14] should be overruled, that the Magistrate Judge's Report and Recommendation [ECF No. 13] should be

adopted, that the Motion to Dismiss should be granted, and that the Petition [ECF. No. 1] should be dismissed with prejudice.

I. Background

Judge Isaac recommends that the Court dismiss with prejudice Bridges's petition for habeas corpus relief under 28 U.S.C. § 2254. [ECF No. 13]. Bridges brings his petition on three grounds: first, that he was denied due process, second, that he was illegally sentenced as a habitual offender, and third, that his sentencing unconstitutionally resulted from harmful errors. [ECF No. 1] at 15, 20, 24. Each of these claims stems from Bridges's contention that the sentencing court deprived him of his constitutional rights by illegally imposing a habitual offender enhancement to his sentence. Id.

Bridges was convicted by a Pike County Circuit Court jury for two counts of attempted murder, one count of possession of a firearm by a felon, and one count of shooting into a motor vehicle. [ECF No. 1] at 26. Due to Bridges's previous convictions of manslaughter and felony drug possession, the sentencing court adjudged him to be a habitual offender as described in Miss. Code. Ann. Section 99-19-83 and sentenced him to serve four concurrent sentences of life imprisonment in the custody of the Mississippi Department of Corrections. Id. Miss. Code. Ann. Section 99-19-83 provides that if a criminal

defendant has twice previously served more than a year for two different felonies, one of which qualifies as "violent," that defendant must be sentenced to life in prison without the possibility of parole.

II.  Standard of Review

Where a petitioner has submitted a timely written objection to a Magistrate Judge's report and recommendation, a court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); Walker v. Savers, 583 F. App'x 474, 474-75 (5th Cir. 2014). In conducting a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the Magistrate." United States v. Wilson, 864 F.2d 1219, 1222 (5th Cir. 1989). However, the Court is not "required to reiterate the findings and conclusions of the Magistrate Judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). Where no timely objection is filed, as well as to those portions of a report and recommendation to which there are no objections, a court is to apply a "clearly erroneous, abuse of discretion and contrary to law standard of review." Wilson, 864 F.2d at 1221 (quotation omitted).

A district court "need not consider frivolous, conclusive, or general objections." Gooding v. Colvin, No. 1:15CV20-LG-RHW, 2016 WL 660932, at *2 (S.D. Miss. Feb. 18, 2016) (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)). "Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a de novo review is unwarranted." Id. (citing Koetting, 995 F.2d at 40). "Instead, the report and recommendation is reviewed by the district judge for clear error." Id. (citing Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005)); see also Hernandez v. Livingston, 495 F. App'x 414, 416 (5th Cir. 2012); Jackson v. Berryhill, No. 1:17CV48-LG-JCG, 2018 WL 4046512, at *1 (S.D. Miss. Aug. 24, 2018); Robertson v. Berryhill, No. 1:16CV295-HSO-JCG, 2018 WL 1336054, at *2 (S.D. Miss. Mar. 15, 2018).

III. Analysis

Petitioner objects to the Report on four grounds, each of which is discussed below. First, he argues that the Magistrate Judge incorrectly applied the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") standard to her evaluation of his habeas petition. [ECF No. 14] at 1. Second, he maintains that the Magistrate Judge misinterpreted Mississippi law by ignoring the requirement of proof of time served for prior convictions

4

under Miss. Code Ann. § 99-19-83. Id. at 2. Third, Petitioner posits that the Magistrate Judge overlooked Bridges's due process claims by failing to address the alleged errors in sentencing. Id. Fourth, he argues that the Report incorrectly characterizes his claims as procedurally defaulted, failing to address the merits. Id. In his objection, Bridges refers to the Magistrate Judge as "respondent," but he clearly intends to refer to Judge Isaac and to object to her report.

    A. AEDPA Standard

Petitioner claims that Judge Isaac "incorrectly asserts that AEDPA's restrictive standard applies to Bridges's claims, despite lacking full adjudication on the merits." Id. at 1. Under the AEDPA standard in 28 U.S.C. Section 2254(d), a federal habeas court may grant relief to a state prisoner whose claim has previously been adjudicated on the merits in state court only if

"the adjudication of the claim:
  (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
  (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1), (2).

In her Report, Judge Isaac describes the procedural history of Bridges's case. [ECF No. 13] at 6. She explains that once he had exhausted his appeal, Bridges sought post-conviction relief. [ECF No. 13] at 6. Specifically, he asserted "that his counsel was ineffective; he was denied due process in sentencing; and the State failed to prove his habitual offender status." Id. The Mississippi Supreme Court denied Bridges's post-conviction relief application on each of the above grounds. Id.

In federal court, Bridges seeks habeas corpus relief on the grounds that (1) he was denied due process in sentencing; (2) he was illegally sentenced under Miss. Code Ann. § 99-19-83; and (3) his sentencing was unconstitutional and the result of harmful errors. [ECF No. 1]. The first two grounds are identical to those upon which he sought post-conviction relief at the state court, which were denied by the Mississippi Supreme court. Therefore, each of these claims has been adjudicated on the merits at the state court level and therefore is subject to the AEDPA standard.

As to the third ground upon which Petitioner seeks habeas relief, he alleges the convicting court committed

harmful error by sentencing him as a habitual offender under Miss. Code Ann. § 99-19-83 despite insufficient evidence. [ECF No. 1] at 24. Because the "harmful error" Bridges alleges was improper application of the habitual offender sentencing statute, and because the state court adjudicated his claim that he was illegally sentenced under this statute, the third ground upon which Petitioner seeks habeas relief has also been adjudicated on its merits in state court. Thus, Judge Isaac properly applied the AEDPA standard to her analysis of each of these claims.

To the extent that Bridges's petition could be construed as alleging that his sentence was disproportionate to his crime in violation of the Eighth Amendment, he does raise a claim which was not adjudicated on its merits in state court. However, the Report acknowledges that this claim was not previously brought, and therefore reviews it under a de novo standard, which a court may use when it is unclear whether a state court adjudication on the merits occurred. [ECF No. 13] at 10, citing Olivier v. Prince, 719 F. App'x 389, 390 (5th Cir. 2018) (quoting Berghuis v. Thompkins, 560 U.S. 370, 390, 130 S. Ct. 2250, 176 L. Ed. 2d 1098 (2010) (citing § 2254(a)). Judge Isaac

ultimately concluded that Bridges was not entitled to relief under either standard of review. Therefore, the Report correctly analyzes those of defendants' claims previously adjudicated on the merits by the state court under the AEDPA standard, and his disproportionality claim, which had not been adjudicated at the state level, under a de novo standard.

### B. Misrepresentation of Mississippi Law

Bridges also objects to the Report due to an alleged "misrepresentation of Mississippi law" in the discussion of Miss. Code Ann. Section 99-19-83. Bridges does not point to any specific language in the Report misrepresenting the statute at issue, nor does he offer any case law which supports his position. The only case to which he refers is Watts v. State, in which the Court of Appeals of Mississippi reversed Watts's habitual offender sentence because the State attempted to prove that he had previously served two one-year sentences by introducing into evidence "certified copies of two sentencing orders." Watts v. State, 132 So. 3d 1062, 1065 (Miss. Ct. App. 2014). The court found that the sentencing orders "did not prove beyond a reasonable doubt that Watts served a term of at least one year on each sentence," and therefore held that the trial

court erred in sentencing Watts as a habitual offender under Miss. Code Ann. Section 99-19-83. Id.

The result in Watts has no bearing on Petitioner's case, because the evidence offered to prove Bridges' prior time served did not merely consist of sentencing orders. Instead, at the sentencing hearing, the trial court accepted into evidence certified "pen packs," or "penitentiary packets" which contained information about Bridges's prior felony convictions from Mississippi and Louisiana, including a computation of his imprisonment and release dates. [ECF No. 13] at 11; [ECF No. 9] at 15. This same evidence was introduced at a hearing to amend the indictment to reflect his habitual offender status. [ECF No. 13] at 11. Pen packs are the records maintained on inmates sentenced by the department of corrections and are considered self-authenticating evidence of prior convictions under Mississippi law. Id. (citing Jasper v. State, 858 So. 2d 149, 152 (Miss. Ct. App. 2003), aff'd, 871 So. 2d 729 (Miss. 2004); Miss. R. Evid. 902; McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); Frazier v. State, 907 So. 2d 985, 989-92 (Miss. Ct. App. 2005)).

The Report asserts that contrary to Bridges's claims, his pen packs confirm "a manslaughter conviction, for which he served approximately ten years, and a drug conviction, for which he

served a little over four years." [ECF No. 13] at 12. Furthermore, the Report emphasizes that Bridges does not now, nor has he ever, denied his prior convictions or the time he spent serving them. Id. After conducting a de novo review of the procedural history of this case and supporting case law, the Court agrees with Judge Isaac that the pen packs provided sufficient evidence to prove that Petitioner previously served two one-year sentences. Therefore, Bridges's objection to the Report's misrepresentation of Mississippi law fails.

C. Failure of Report to address alleged sentencing errors

Next, Petitioner claims that the Report failed to address Bridges's due process claims, specifically the alleged errors in sentencing. [ECF no. 14] at 2. He simply claims that "Bridges's sentencing raises due process concerns" and cites to Gideon v. Wainwright, a U.S. Supreme Court case in which the Court held that the due process of law clause of the Fourteenth Amendment extends the Sixth Amendment's guarantee of counsel to indigent state criminal defendants. Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). Bridges has not raised any claims before this court regarding a failure by the State to appoint him counsel, and "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." Finley v. Johnson, 243 F.3d 215, 219

10

n.3 (5th Cir. 2001) (citing <u>United States v. Armstrong</u>, 951 F.2d 626, 630 (5th Cir. 1992)).

Petitioner's assertion that the Report failed to address his due process claims is untrue. Judge Isaac's report extensively discussed the requirements in the sentencing of a defendant under Miss. Code Ann. Section 99-19-83 and the sufficiency of the evidence which the state presented to support Bridges's habitual offender sentence. [ECF No. 13] at 8-12. Petitioner's due process claims stem from his assertion that the state court illegally applied the violent habitual offender statute when sentencing him. After analyzing Bridges's due process claims, the Report concludes that "his sentence enhancement was established by the evidence, mandated by law, and not grossly disproportionate to his crime." [ECF No. 13] at 14. Therefore, the Court finds without merit Petitioner's claim that the Report failed to address his due process claims.

### D. Procedural Default Mischaracterization

Finally, Bridges alleges that the Report incorrectly characterizes his claims as procedurally defaulted, ignoring the merits. [ECF No. 14] at 2. He does not specify which claims the Report failed to discuss, but presumably he refers to the argument that "his life sentence is grossly disproportionate to the gravity of the offense in violation of the Eighth

11

Amendment." [ECF No. 13] at 10. This is the only part of the Report's analysis which mentions a possibility of procedural default but, as outlined below, the Report nevertheless conducts an analysis of the merits of this claim.

The Report begins the relevant analysis by stating that "it is not readily apparent from his state court filings that he squarely presented, and the state courts adjudicated, such a claim . . . This would indicate that such a claim is unexhausted and procedurally defaulted." Id. (citing Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995) (if a petitioner fails to exhaust state remedies, and the state court would now find claim procedurally barred, the claim is procedurally defaulted for purposes of federal habeas review)). However, the Report notes, "the State appears to have waived the procedural default issue by failing to raise it." Id. Therefore, Judge Isaac evaluates the merits of Petitioner's disproportionality claim under a de novo standard of review, as it was not previously adjudicated on its merits by the state court.

In the analysis of Bridges's disproportionality claim, the Report explains that "when a state sentence is within the statutory limits, as it is here, a federal habeas court will not upset the terms of the sentence unless it is shown to be grossly disproportionate to the gravity of the offense. Id. at 12

(citing Harmelin v. Michigan, 501 U.S. 957, 993-95, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991); Solem v. Helm, 463 U.S. 277, 290-91, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983)). Judge Isaac explains that while the United Supreme Court has admitted that it has not "established a clear or consistent path for courts to follow," it has made clear that the gross disproportionality principle is "applicable only in the 'exceedingly rare' and 'extreme case.'" Id. (citing Lockyer v. Andrade, 538 U.S. 63, 72-3 (2003)). Specifically, the Supreme Court has held that when conducting a gross disproportionality review in a recidivist context, "we must place on the scales not only [petitioner's] current felony, but also his long history of felony recidivism. Any other approach would fail to accord proper deference to the policy judgments that find expression in the legislature's choice of sanctions." Id. (citing Ewing v. California, 538 U.S. 11, 29, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003)).

Applying this Supreme Court precedent, Judge Isaac considered not only Bridges's current conviction, but his prior convictions as well, in her analysis of his disproportionality claim. She explains that "Bridges was sentenced as a recidivist for attempting to murder two people after previously serving more than a year each for two prior felonies, one of which was manslaughter—another violent crime." Id. at 14. Because it was proper for the trial court to consider Petitioner's prior

13

convictions when sentencing him under Miss. Code Ann. Section 99-19-83, Judge Isaac found that the life sentence imposed under the statute was not disproportionate to his crime.

As outlined above, the Report thoroughly addresses the merits of each of Defendant's claims, and does not dismiss any of them on the basis of procedural default. Therefore, Petitioner's argument that the Report failed to address alleged errors in his sentencing fails.

   IV. Conclusion

After conducting a de novo review of the aspects of the Report to which Petitioner objects and reviewing the remainder of the report for clear error, the Court agrees with Judge Isaac's recommendation. Accordingly, the Report is ADOPTED and Bridges's Petition for Writ of Habeas Corpus [ECF No. 1] is DISMISSED WITH PREJUDICE.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 27th day of January, 2025.

                              /s/ David Bramlette
                              DAVID C. BRAMLETTE III
                              UNITED STATES DISTRICT JUDGE